**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4518**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAEKWON CORTEZ FORD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Sherri A. Lydon, District Judge.  (3:21-cr-00274-SAL-1)

Submitted:  June 28, 2023                Decided:  July 6, 2023

Before THACKER and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Stacey D. Haynes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2021, a grand jury charged Raekwon Cortez Ford with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2018), in connection with his possession of a Ruger handgun on December 4, 2019. Ford pled guilty to the charge, and the district court sentenced him to 60 months' imprisonment. On appeal, Ford argues that the district court erred in applying Sentencing Guidelines enhancements for possession of semiautomatic weapons and possession of between three and seven total firearms. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(B), (b)(1)(A) (2018). The district court applied these enhancements to account for firearms that Ford possessed in June 2019 and November 2020. Ford contends that the court improperly considered those firearms because they were not part of "the same course of conduct or common scheme or plan as the offense of conviction," namely, his unlawful possession of a firearm on December 4, 2019. USSG § 1B1.3(a)(2). Finding no error, we affirm.

"In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). Because Ford "does not contend that the district court applied the incorrect legal rule, but instead challenges the factual analysis the district court conducted in applying the relevant conduct Guideline," our review is for clear error. *United States v. Pineda*, 770 F.3d 313, 319 (4th Cir. 2014) (internal quotation marks omitted). "Under the clear error standard, we will only reverse

2

if left with the definite and firm conviction that a mistake has been committed." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (internal quotation marks omitted).

Under USSG § 1B1.3(a)(2), relevant conduct for sentencing purposes includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." Acts "may qualify as the 'same course of conduct' 'if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses.'" *United States v. McDonald*, 28 F.4th 553, 563-64 (4th Cir. 2022) (quoting USSG § 1B1.3 cmt. n.5(B)(ii)). Put differently, "the same-course-of-conduct standard requires only that the defendant be engaged in an identifiable pattern of certain criminal activity." *Id.* at 564 (cleaned up). Factors relevant to this inquiry include "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." USSG § 1B1.3 cmt. n.5(B)(ii).

Here, each of Ford's episodes of firearm possession involved "similar core conduct in the form of felon-in-possession" violations. *McDonald*, 28 F.4th at 564. In each instance, Ford possessed one or more handguns, and he concealed each of the weapons. Law enforcement discovered the weapons, which were either stolen or located close to stolen property, while investigating motor vehicle break-ins. Further, excluding time Ford spent incarcerated, he committed the three episodes of firearm possession over the course of approximately six months. The facts thus reflect that "all three incidents were sufficiently connected temporally and involved a regular pattern of similar conduct." *Id.*

3

at 562. We therefore conclude that the district court did not clearly err in considering the June 2019 and November 2020 firearms in its calculation of Ford's Guidelines range.

Accordingly, we affirm the district court's judgment. We deny Ford's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*